Carlos M. Taitano, State Bar No. 275820
Taitano & Taitano LLP
P.O. Box 326204
Hagatna, Guam 96932
Telephone:     (671) 777-0581
Email:          cmakototaitano@taitano.us.com

*Attorney for Applicant*
*Jin Young Park*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re Ex Parte* Application of

Jin Young Park,

              Applicant.

)
)
)
)
)
)
)
)
)
)
)
)

Case Number:

***EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM**

The Applicant, Jin Young Park (hereinafter "**Applicant**"), hereby moves, *ex parte* under Section 1782 of Title 28 of the United States Code, for an order authorizing limited discovery for use in foreign proceedings (hereinafter "**Application**"). The Applicant seeks limited discovery from Google LLC (hereinafter "**Google**"). This Application is supported by the supporting memorandum included herein and the Declarations of Jin Young Park, Kyongsok Chong, and Jeongwon Hong, all of which were filed contemporaneously herewith. The proposed subpoena to be served on Google is attached to this Application as Exhibit A.

**SUPPORTING MEMORANDUM**

**I. BACKGROUND**

The Applicant is a singer, a producer, and the CEO of JYP Entertainment Corporation, a Korean entertainment company, and his address is located in Namyangju-shi, Republic of Korea. Park Decl. ¶ 2.

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

An anonymous individual (hereinafter "**User**") who operates the YouTube channel (hereinafter "**YouTube Channel**") located at: https://www.youtube.com/@HiddenStarkr posted a video on the YouTube Channel that defames the Applicant through falsities at: https://www.youtube.com/watch?v=mY74tDtaXnY. *Id.* ¶¶ 4-7, Exs. 1, 2; Hong Decl. ¶¶ 4-5, Exs. A-B.

The Applicant has suffered significant mental distress, physical stress, and humiliation because of the video, and his family has been distressed by the baseless claims that his divorce is a sham, that he is hiding his second marriage, and that he is connected to the Salvation Sect, which are plainly false. Park Decl. ¶ 8.

YouTube is a video sharing service where users can watch and upload their own videos.[1] YouTube is operated by Google.[2] Google is a Delaware limited liability company with its principal office at 1600 Amphitheatre Parkway, Mountain View, California 94043. Chong Decl. ¶ 6, Ex. 1. Internet users with a Google account and a YouTube channel can upload videos.[3] Google accounts are linked to various services and accounts of Google, including Google Ads, Google AdSense, Google Pay, and YouTube.[4] YouTube users with a channel can monetize (i.e., make money) by joining the YouTube Partner Program and by creating and linking their Google AdSense account.[5]

The Applicant has filed a civil lawsuit on February 20, 2026 against the User in the Seoul Eastern District Court in the Republic of Korea pursuant to Articles 750 and 751 of the Civil Act of the Republic of Korea (hereinafter "**Civil Case**"). Park Decl. ¶ 9; Chong Decl. ¶¶ 7-8. Despite

---

[1] / *WebWise.ie, Explained: What is YouTube?*, https://www.webwise.ie/parents/what-is-youtube/ (last visited July 11, 2022).

[2] / YouTube, *Terms of Service* (January 5, 2022), https://www.youtube.com/static?template=terms ("The entity providing the Service is Google LLC").

[3] / Google LLC, *Create a YouTube channel*, YouTube Help, https://support.google.com/youtube/answer/1646861?hl=en (last visited July 11, 2022) ("Even if you have a Google Account, you need to create a YouTube channel to upload videos").

[4] / Google LLC, https://about.google/products/ (last visited July 11, 2022) (list of Google products).

[5] / Google LLC, *YouTube Partner Program overview & eligibility*, YouTube Help, https://support.google.com/youtube/answer/72851?hl=en&ref_topic=9153642 (last visited July 11, 2022).

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

the Applicant's effort to identify the User, the Applicant has been unable to determine the identity of the User, preventing the Applicant from serving the User or otherwise proceeding with the Civil Case. Park Decl. ¶¶ 9-12; Chong Decl. ¶¶ 13-16.

The User has committed the tort of defamation pursuant to Articles 750 and 751 of the Civil Act of the Republic of Korea. Chong Decl. ¶¶ 7-12. The Applicant has made out a prima facie case, the video posted by the User meets the elements of the tort of defamation under Articles 750 and 751of the Civil Act of the Republic of Korea, and the Civil Case will withstand a motion to dismiss. *Id.* ¶ 12. However, to proceed with the Civil Case, the identity of the User is necessary. Park Decl. ¶¶ 9-12; Chong Decl. ¶¶ 13-16.

Therefore, the Applicant is asking that this Court authorize the Applicant to conduct limited discovery by serving a subpoena upon Google, which is located in this district, to discover personal identifying information ("**PII**") that can be used to identify the User to serve the User with legal process in the Civil Case, because there are no legal procedural means under the laws of the Republic of Korea to identify the User. Chong Decl. ¶¶ 13-16.

## II. *EX PARTE* CONSIDERATION OF SECTION 1782 APPLICATION

Applications made under Section 1782 of Title 28 of the United States Code are typically considered on an *ex parte* basis, because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co, KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014). Therefore, orders granting Section 1782 applications typically only provide that discovery is "authorized," and, thus, the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*. *In re Ex Parte Application Varian Med. Sys. Int'l AG*, Case No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016). Therefore, it is proper for this Court to consider this Application on an *ex parte* basis because adequate notice will be given to interested parties.

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

### III. LEGAL STANDARD

Section 1782 permits district courts to authorize discovery where three requirements are satisfied: (1) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the application is made by a foreign or international tribunal or "any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); 28 U.S.C. § 1782(a).

The Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* identified four discretionary factors to be considered by a court when exercising its discretion to authorize discovery pursuant to a Section 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and, (4) whether the request is unduly intrusive or burdensome. *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (cleaned up) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel Corp.*, 542 U.S. at 247, 261-63. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist [in the United States]." *Id.* at 244 (words in brackets added).

A district court may order the production of documents or testimony for use in a foreign legal proceeding under Section 1782 as long as the disclosure would not violate a legally applicable privilege. *Id.* at 249.

"A district court's discretion is guided by the twin aims of Section 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example

***Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782***

to provide similar assistance to U.S. courts." *In re Ex Parte Application of Med. Inc. Ass'n Smile Create*, Case No. 19-mc-80230-VKD, 2019 WL 4933582, at *2 (N.D. Cal. Oct. 7, 2019) (citing *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).

## IV. ARGUMENT

### A.  The Applicant Satisfies All of the Requirements of Section 1782.

The Applicant satisfies all three requirements of Section 1782. The first requirement is satisfied because Google "resides or is found" in this district for the reason that the principal office of Google is located in Mountain View, California, which is in this district. Chong Decl. ¶ 6, Ex. 1.

To satisfy the second requirement, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Intel Corp.*, 542 U.S. at 259. Instead, all that is required by Section 1782 is that a "future proceeding is 'within reasonable contemplation.'" *Id.* (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage).  The second requirement is satisfied because the discovery sought is for purposes of the Civil Case that is pending in the Seoul Eastern District Court in the Republic of Korea. Park Decl. ¶¶ 9-12; Chong Decl. ¶¶ 7-8, 13-16.

The third requirement is satisfied because the Applicant, as the plaintiff in the Civil Case, is an interested person. Park Decl. ¶ 9; *see Intel Corp.*, 542 U.S. at 256 (litigants may be the most common example of interested persons).

Therefore, the Applicant satisfies all of the requirements of Section 1782 and this Court can authorize discovery from Google.

### B.  The Supreme Court's *Intel* Factors Strongly Favor Granting the Application.

The discretionary factors identified by the Supreme Court in *Intel* weigh heavily in favor of the Court granting the Applicant's request for discovery.

The first *Intel* factor is "whether the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. Under this factor, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, Case No. 16-mc-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016).

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

This is so, because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach, hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264. Google will be a nonparticipant in the Civil Case. Chong Decl. ¶ 17. Furthermore, Google is located in this district. *Id.* ¶ 6, Ex. 1. For the foregoing reasons, Google is outside the Republic of Korea's jurisdictional reach, and hence, evidence available in the United States from Google is unobtainable by the Applicant absent Section 1782(a) aid. *Id.* ¶ 17; *see Intel Corp.*, 542 U.S. at 264. Therefore, this first factor weighs in favor of authorizing discovery.

The second *Intel* factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4. Under this factor, "courts look for authoritative proof that a foreign tribunal *would reject* evidence obtained with the aid of § 1782." *In re Application of Joint Stock Co. Raiffeinsenbank*, Case No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016). In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782, courts tend to err on the side of permitting discovery. *See Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019) (citation omitted). In the absence of evidence that a foreign court would object to the discovery of the information sought in the subpoena, or that a foreign court objects more generally to the judicial assistance of U.S. federal courts, this factor weighs in favor of authorizing discovery. *See, e.g., In re Med. Corp. H&S*, Case No. 19-mc-80058-VKD, 2019 WL 1230440, at *3 (N.D. Cal. Mar. 15, 2019) (In the absence of evidence that Japanese courts would object to the judicial assistance of U.S. federal courts, this factor weighs in favor of authorizing discovery).

There are no known restrictions imposed by, or any policies under, the laws of the Republic of Korea limiting U.S. federal court judicial assistance, and courts in the Republic of Korea are receptive to assistance in discovery by United States federal courts, including for discovery of PII

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

of individuals posting anonymous online statements. Chong Decl. ¶¶ 18-19. In fact, courts of the Republic of Korea have sought judicial assistance from federal courts in this district and courts in this district have in the past granted Section 1782 discovery for use in proceedings in the Republic of Korea. *E.g., In re Request for Judicial Assistance from Seoul Central District Court in Seoul, Republic of South Korea*, Case No. 23-mc-800016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023); *In re Starship Entertainment Co., Ltd.*, Case No. 23-mc-80147-BLF, 2023 WL 3668531 (N.D. Cal. May 24, 2023); *In re Ex Parte Application of: Ho Chan Kim*, Case No. 24-mc-80152-EJD, 2024 WL 3297071 (N.D. Cal. July 2, 2024).

Because there is evidence showing that courts in the Republic of Korea are receptive to United States federal court judicial assistance, and because there is nothing to show that courts in the Republic of Korea would object to discovery of the information sought by this Application, this factor weighs in favor of authorizing discovery.

The third *Intel* factor is whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 264-65. Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions." *In re Google Inc.*, Case No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp.*, Case No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (third *Intel* factor weighs in favor of discovery where there is "no evidence" of an attempt to circumvent foreign proof gathering restrictions or policies).

The Applicant is not attempting to circumvent any foreign proof-gathering restrictions or other policies of the Republic of Korea or the United States. Chong Decl. ¶ 20. Because there is nothing to suggest that the Applicant is attempting to circumvent foreign proof gathering restrictions or policies, this factor weighs in favor of authorizing discovery.

The fourth and final *Intel* factor is whether the discovery requested is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information, and appear to be a broad "fishing

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

expedition" for irrelevant information. *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). The discovery sought by the Applicant is narrowly tailored to seek only sufficient information to identify the User, and is not unduly intrusive or burdensome, because the Applicant is seeking discovery of only PII such as names, dates of birth, addresses, telephone numbers, and e-mail addresses, and information that will lead to the discovery of PII such as banking information and the most recent ten access logs (the IP address, port number, and timestamp), which information is likely stored by Google in the ordinary course of its business. Ex. A; Chong Decl. ¶¶ 21-34; *see, e.g., In re Starship Entertainment Co., Ltd.*, 2023 WL 5520772, at *1 (N.D. Cal. May 24, 2023) (authorizing similar discovery sought in this Application).

The reason why the User's name, address, and date of birth is being sought, is because to proceed with a civil case against a person in the Republic of Korea, the person must be identified and confirmed by his or her name, address, and date of birth. Chong Decl. ¶¶ 21-23. Even if the Applicant is unable to obtain the name, address, and date of birth from Google because the information provided to Google was fictitious, if the Applicant can obtain the telephone number, e-mail address, or banking information of the User, the Applicant can obtain a court warrant in the Republic of Korea to seek the name and date of birth of the User from the Korean telecommunication company or bank. *Id.* ¶¶ 24-25.

The discovery of the access log, which is the IP address and the corresponding date and time that the IP address was used (commonly known as a timestamp) is reasonable and necessary because different IP addresses and port numbers may be assigned by an internet service provider (hereinafter "**ISP**") every time that a user accesses the internet, and therefore, in order to identify a user by using an IP address and, the time and date that the person was accessing the internet using the specific IP address is necessary. *Id.* ¶ 26(a)-(d). Therefore, without the IP address and the corresponding timestamp, an ISP in the Republic of Korea will be unable to pinpoint the tortfeasor that was using the IP address at a certain point-in-time. *Id.* ¶¶ 27-29. In order for the ISP to disclose PII sufficient to identify the User, and for the ISP to pinpoint the relevant person using an IP address at a certain time, the IP address and the timestamp are necessary. *Id.* Courts in this district have found subpoenas seeking access log for the same reason, but for longer periods of

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

time than what the Applicant is seeking in his subpoena, are narrowly tailored. Ex. A; *see, e.g., Medical Corporation Seishinkai*, Case No. 22-mc-80282-EJD, 2023 WL 3726499, at *4 (N.D. Cal. May 30, 2023) (recent access log for more than a three month period found to be narrowly tailored); *PM-International AG v. Meta Platforms, Inc.*, Case No. 22-mc-80290-SVK, 2022 WL 17477093, at *4 (N.D. Cal. Dec. 6, 2022) (same); *In re Ex Parte Application of Bleach, Inc.*, Case No. 24-mc-80021-PCP, 2024 WL 1898450, at *2 (N.D. Cal. Apr. 30, 2024) (same); *Bandai Namco Music Live Inc.*, Case No. 24-mc-80058-BLF, 2024 WL 1078429, at *4 (N.D. Cal. Mar. 12, 2024) (recent access log for very limited periods of time found to be narrowly tailored).

As for the scope of discovery, the Applicant is seeking PII registered at any time, and not for a specified period of time, because the User may have not planned to harm the Applicant until a time near to when the video was published, and as such, even if the currently registered information is fictitious, the User may have used his or her true identity in the past. Chong Decl. ¶ 30. Recent PII is also relevant and necessary, because the User may have not changed the PII that is not displayed publicly. *Id.* ¶ 31.

Additionally, the subpoena does not seek the "contents" of any communications associated with the User or the accounts that the User uses in compliance with the Stored Communications Act. 18 U.S.C. § 2701 *et seq.*; *see, e.g., Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.*, Case No. C 12-80242, 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions under the Stored Communications Act); Ex. A.

Based upon the foregoing, the request by the Applicant is narrowly tailored, is seeking only necessary relevant information, and is not unduly intrusive or burdensome, and, therefore, this factor weighs in favor of authorizing discovery.

## V. CONCLUSION

The Applicant satisfied all of the requirements of Section 1782, and all of the discretionary *Intel* factors weigh in favor of authorizing discovery. In light of the twin aims of Section 1782 to provide efficient assistance to foreign litigants and to encourage foreign countries by example to provide similar assistance to United States courts, this Court should exercise its discretion to

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

authorize discovery from Google so that the Applicant can conduct limited discovery to identify the User in order to proceed with the Applicant's Civil Case in the Republic of Korea.

Dated: May 8, 2026.

/s/ Carlos M. Taitano
CARLOS M. TAITANO
Attorney for Applicant
Jin Young Park

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

In re Ex Parte Application of
Jin Young Park,

　　　　　　　　　　　　*Applicant.*

)
)
)
)
)
)

Civil Action No.

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:　　　　　　　　　　　　　　　　　Google LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: By email to: cmakototaitano@taitano.us.com; or | Date and Time: |
|---|---|
| at: Warp9, c/o Carlos M. Taitano,<br>480 Clementina St., #A, San Francisco, CA 94103 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

　　　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

　　　　　　　*CLERK OF COURT*

　　　　　　　　　　　　　　　　　　OR

_____　　　_____
　*Signature of Clerk or Deputy Clerk*　　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Jin Young Park_____ , who issues or requests this subpoena, are:

Carlos M. Taitano, P.O. Box 326204, Hagatna, Guam 96932; cmakototaitano@taitano.us.com; (671) 777-0581

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment 1**

To: Google LLC

The Applicant **Jin Young Park** hereby requests that **Google LLC** ("you") produce to his attorney, Carlos M. Taitano, Esq., any and all of the DOCUMENTS described under the heading "II. REQUEST FOR PRODUCTION."

## I. DEFINITIONS

1.      The word "DOCUMENT" or "DOCUMENTS" means "documents," "electronically stored information," or "tangible things," as those terms are used in Rules 34(a) and 45 of the Federal Rules of Civil Procedure. Where a DOCUMENT has been prepared in several copies, or where additional copies have been made that are not identical or are no longer identical by reason of subsequent notation, highlighting or other modification of any kind whatsoever including, but not limited to, notations on the back of pages thereto, each nonidentical copy shall be considered a separate DOCUMENT. A DOCUMENT that is "electronically stored information" shall be produced in portable document format (commonly known as "PDF") with Bates numbering and appropriate confidentiality designations, along with searchable metadata databases.

2.      The word "ALL" means "each, any and all."

3.      The word "ACCOUNTS" means ALL Google accounts and YouTube accounts that are used to sign in to or that are registered to, linked to, or otherwise associated to the YouTube channel located at https://www.youtube.com/@HiddenStarkr, including but not limited to Google accounts and YouTube accounts of Administrators, Owners, Managers, Editors, and Communication Managers of the YouTube channel as well as accounts with similar roles for the YouTube channel.

## II. REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**  DOCUMENTS sufficient to show the following information ever registered with the ACCOUNTS and the Google Ads accounts, Google AdSense accounts, and Google Pay accounts that are registered to, linked to, or otherwise associated to the ACCOUNTS:

> (i)      ALL names;
> (ii)     ALL dates of birth;
> (iii)    ALL addresses;
> (iv)     ALL e-mail addresses;
> (v)      ALL telephone numbers; and
> (vi)     ALL bank names and the account numbers of bank accounts.

**REQUEST FOR PRODUCTION NO. 2.**  DOCUMENTS sufficient to show ten access logs (dates, times, IP addresses, and port numbers) of the ACCOUNTS that were recorded immediately prior to the date that you respond to this request.

*Attachment 1 to Subpoena to Google LLC*