**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PARK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>,<br><br>　　　　　Defendant. | Case No.  5:26-mc-80148-BLF<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>[Re:  ECF No. 1] |

Before the Court is Applicant Jin Young Park's *ex parte* application pursuant to 28 U.S.C. § 1782 for an order granting leave to obtain limited discovery from Google LLC ("Google") in connection with a legal action in South Korea.  ECF No. 1 ("App.").  For the reasons below, the application is GRANTED.

## I.　BACKGROUND

Applicant is a singer, a producer, and the CEO of JYP Entertainment Corporation, a Korean entertainment company.  *See* Park Decl. ¶ 2, ECF No. 1-1.  Applicant's address is located in Namyangju-shi, South Korea.  *Id.*  An anonymous individual ("User") operating the YouTube channel "HiddenStarkr" posted a video of Applicant.  *Id.* ¶¶ 4–7; *see also* Hong Decl. ¶¶ 4–5, ECF No. 1-3.  After the video was published, Applicant "suffered significant mental distress, physical stress, and humiliation because of the video, and his family has been distressed by the baseless claims that his divorce is a sham, that he is hiding his second marriage, and that he is connected to the Salvation Sect."  Park Decl. ¶¶ 8.

Applicant filed a civil lawsuit for the tort of defamation pursuant to Articles 750 and 751 of the Civil Act of the Republic of Korea on February 20, 2026, against the User in the Seoul Eastern District Court in the Republic of Korea.  Park Decl. ¶ 9; Chong Decl. ¶¶ 7–8, ECF No. 1–

2.  Applicant asks this Court for aid in obtaining discovery from Google regarding the personal identifying information ("PII") of the User who posted the allegedly defamatory video about Applicant.  Chong Decl. ¶¶ 13–16.  Specifically, Applicant requests issuance of a subpoena for documents on Google.  *See* App. Ex. A (subpoena).

**II.     LEGAL STANDARD**

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . .  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

The statute's purpose is "to provide federal-court assistance in the gathering evidence for use in foreign tribunals."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied:  (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'"  *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

A district court has discretion to authorize discovery under section 1782.  *Intel*, 542 U.S. at 260.  In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court:  (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or

United States District Court
Northern District of California

the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65. In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an ex parte basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (internal quotation marks and citation omitted). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application ex parte." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

## III.    DISCUSSION

### A. Statutory Requirements

Applicant's request satisfies the three requirements of section 1782. First, the statute requires that the respondent be found in the district. A business entity is "found" in a judicial district where it has corporate offices. *In re Super Vitaminas, S.A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017). "Google satisfies this requirement because its principal office is in Mountain View, California." *In re Med. Corp. Seishinkai*, No. 26-mc-80011-BLF, 2026 WL 172504, at *2 (N.D. Cal. Jan. 22, 2026).

Second, the discovery must be for use in a proceeding in a foreign tribunal. For a proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be "within reasonable contemplation." *Intel*, 542 U.S. at 259. Here, Applicant has filed a lawsuit under Korean law and attached the declaration of his attorney. Chong Decl. ¶¶ 5–11.

Third, an application under section 1782 must be brought by an "interested person." A litigant in a foreign proceeding is an "interested person" for purposes of section 1782. *Intel*, 542 U.S. at 256–57. As the plaintiff in the civil lawsuit, Applicant is an interested person. Chong

United States District Court
Northern District of California

Decl. ¶¶ 5–11.

**B. Discretionary *Intel* Factors**

The discretionary factors identified by the Supreme Court in *Intel* weigh in favor of the Court granting the application.

<u>1. Respondent is not a participant in the foreign action</u>

The first factor, whether the respondent is a participant in the foreign action, supports obtaining discovery from entities who are not parties in the foreign tribunal. *Intel*, 542 U.S. at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Here, Google will not be a party or participant in the Korean civil lawsuit; the only other party would be the User. *See* Chong Decl. ¶ 17. This factor therefore weighs in favor of granting the application.

<u>2. Korean courts are receptive to U.S. judicial assistance</u>

The Supreme Court next requires a district court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *Varian Med. Sys.*, 2016 WL 1161568, at *4. The Court is not aware of any directive from South Korea against the use of section 1782 evidence, and courts in this district routinely grant section 1782 discovery for use in proceedings in South Korea. *See, e.g.*, *In re Request for Judicial Assistance from Seoul Central District Court in Seoul, Republic of South Korea*, No. 23-mc-800016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023). Therefore, this factor weighs in favor of granting discovery.

<u>3. There is no circumvention of foreign discovery procedures</u>

The third factor asks a court to consider whether the applicant is aiming to circumvent the foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. This factor will weigh in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL

United States District Court
Northern District of California

7146994, at *3 (N.D. Cal. Dec. 15, 2014). Here, there is no reason to believe that Applicant is seeking to circumvent Korean evidence laws. Applicant's attorney stated as much in his declaration. *See* Chong Decl. ¶ 20. Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

### 4. The request is not unduly burdensome or intrusive

The last *Intel* factor asks a court to consider whether the proposed discovery is overly burdensome or intrusive. 542 U.S. at 265. The subpoena seeks information from Google about the anonymous individuals. The subpoena is narrowly tailored to seek information necessary to identify the putative defendant, and courts have found that requests seeking similar information were not unduly intrusive or burdensome. *See In re Cover Corp.*, No. 25-mc-80361-BLF, 2025 WL 3228311, at *3 (N.D. Cal. Nov. 19, 2025). To the extent Google asserts that any of the information sought by Applicant is burdensome or confidential or proprietary, Google can bring a motion to quash or the parties can enter a protective order. *In re Illumina Cambridge Ltd.*, No. 19-mc-80215-WHO-TSH, 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019).

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS the ex parte application authorizing discovery under 28 U.S.C. § 1782(a).

Dated: May 12, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5